## JOHN CLAUDIO *v.* BETTER BEDDING, INC., ET AL.
## (AC 27082)

Schaller, Harper and Hennessy, Js.

Argued September 18, 2006—officially released September 25, 2007

*Clayton J. Quinn,* for the appellant (named defendant).

*Nicholas W. Francis,* for the appellee (plaintiff).

*Opinion*

PER CURIAM. This appeal arises out of a workers' compensation action brought by the plaintiff, John Claudio, against the defendant Better Bedding, Inc.[1] On

---

[1] The workers' compensation insurer for Better Bedding, Inc., Seaco Insurance Company, also is a defendant but is not a party to the appeal. We therefore refer in this opinion to Better Bedding, Inc., as the defendant.

1

appeal, the defendant claims that the workers' compensation review board (board) affirmed improperly the determination of the workers' compensation commissioner (commissioner) that the plaintiff's injury was compensable. On the basis of the procedural posture of the case, however, we dismiss the appeal for lack of a final judgment.

The plaintiff's workers' compensation claim arose out of a fall that occurred while he was working in the defendant's warehouse, storing mattresses. In a written decision dated February 11, 2004, the commissioner concluded that the plaintiff's injury was compensable, among other things. In addition, although it was not listed as an issue for the hearing, the commissioner found that the injuries sustained by the plaintiff "left him totally disabled, at least through the date of the last hearing, June 4, 2003." On the basis of this finding, the commissioner "strongly recommended" that the defendant pay the plaintiff's medical bills and total temporary benefits from January 18, 2000, to June 4, 2003.

The defendant appealed from the commissioner's decision to the board pursuant to the procedures set forth in General Statutes § 31-301 (a).[2] In its opinion dated October 19, 2005, the board upheld the commissioner's findings as to the compensability of the plaintiff's injuries, yet concluded that the commissioner improperly considered whether the plaintiff's injury rendered him disabled and the amount of compensation to which he was entitled. Accordingly, the board ordered the parties to disregard the commissioner's findings as to plaintiff's disability status and announced that the statements concerning payment of the plaintiff's medical expenses were "without legal consequence." The board did not, however, explicitly issue

---

[2] General Statutes § 31-301 (a) provides in relevant part: "At any time within twenty days after entry of an award by the commissioner . . . either party may appeal therefrom to the Compensation Review Board . . . ."

a remand ordering the commissioner to determine whether the plaintiff's injuries rendered him disabled and, if so, the proper amount of any damages award. This appeal followed.

It is well settled that a party must await the rendering of a final judgment by the board before appealing claims of law and fact to this court. See *Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 293, 695 A.2d 1051 (1997). "The test that determines whether such a decision is a final judgment turns on the scope of the proceedings on remand; if such further proceedings are merely ministerial, the decision is an appealable final judgment, but if further proceedings will require the exercise of independent judgment or discretion and the taking of additional evidence, the appeal is premature and must be dismissed." *Szudora* v. *Fairfield*, 214 Conn. 552, 556, 573 A.2d 1 (1990).

In *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 923 A.2d 657 (2007) (en banc), our Supreme Court concluded that a judgment was interlocutory, and therefore not final, where the board upheld the commissioner's determination regarding compensability but where further proceedings, involving the exercise of independent judgment, would be required to determine the amount of the award. As in this case, the board in *Hummel* did not issue an express remand.[3] For purposes of final judgment, we find that case to be materially indistinguishable from the one at bar. Here, the board upheld the commissioner's findings as to the compensability of the plaintiff's injuries, but reversed the commissioner's findings as to the plaintiff's disability status and his recommendations as to the payment

---

[3] The Supreme Court stated that although it is preferable for the board to use explicit remand language, the court was "confident that parties ordinarily will have little difficulty in ascertaining when such proceedings are contemplated even if the board decision is silent in that regard." *Hummel* v. *Marten Transport, Ltd.*, supra, 282 Conn. 489.

of total temporary benefits and bills resulting from the plaintiff's fall. Because the board's decision left unresolved the question of whether the plaintiff was disabled, and if so, the appropriate amount of damages, further proceedings before the commissioner will be necessary. A determination of these remaining issues will require the commissioner to exercise independent judgment and discretion, as well as to consider additional evidence from the parties. Accordingly, under the principles established in *Szudora* and affirmed in *Hummel,* we conclude that this appeal must be dismissed for lack of a final judgment.

The appeal is dismissed.